United States District Court
Southern District of Texas
**ENTERED**
December 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERNESTO G. RAMIREZ-RODRIGUEZ,` | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-149 |
| | § | Criminal No. B:11-286-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 24, 2016, Petitioner Ernesto Guadalupe Ramirez-Rodriguez filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.[1]

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be dismissed, because Ramirez-Rodriguez waived his right to file such a petition or, in the alternative, that the petition be denied, because it is legally meritless.

### I. Procedural and Factual Background

On March 29, 2011, a federal grand jury – sitting in Brownsville, Texas, – indicted Ramirez-Rodriguez for four counts of being an alien in possession of a firearm in violation of 18 U.S.C. §§922(g)(5)(A) and 924(a)(2). U.S. v. Ramirez-Rodriguez, Criminal No. 1:11-286-1, Dkt. No. 1 (hereinafter "CR").

#### A. Rearraignment & Waiver of Appellate Rights

On July 21, 2011, Ramirez-Rodriguez appeared before the Magistrate Judge and entered a guilty plea to a single count of being an alien in possession of a firearm. CR Dkt. No. 22. His guilty plea was pursuant to a written plea agreement. CR Dkt. No. 24.

---

[1] Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Ramirez-Rodriguez's motion was placed in the prison mailing system on June 24, 2016. Dkt. No. 1, p. 3.

Ramirez-Rodriguez's written plea agreement indicates that he knowingly and voluntarily waived his appellate rights. CR Dkt. No. 24, ¶ 10.

Paragraph 10 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28 U.S.C. § 1651, 2241 and 2255.

CR Dkt. No. 24, ¶ 11 (emphasis original).

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Ramirez-Rodriguez's guilty plea. CR Dkt. No. 22.

On October 26, 2011, the District Judge adopted the report and recommendation, accepting Ramirez-Rodriguez's plea of guilty. CR Dkt. No. 32.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Ramirez-Rodriguez was assessed a base offense level of 20. CR Dkt. No. 27, pp. 11-12. Ramirez-Rodriguez was assessed an eight-level enhancement because he possessed 156 firearms during the commission of the offense. Id. Ramirez received an additional four-level enhancement because 20 of the firearms had "obliterated serial numbers." Id. Normally, this would have resulted in a total base offense level of 32, but the Guidelines limited the cumulative base offense level – for those specific enhancements – to 29. This limitation, however, did not prohibit the application of other additional enhancements.

An additional four levels were added, because Ramirez-Rodriguez knew that the firearms were going to be trafficked in Mexico. CR Dkt. No. 27, pp. 11-12. Another four levels were added, because Ramirez-Rodriguez acted "with the knowledge, intent, or reason to believe the firearms would be used or possessed in connection with another felony offense." Id. Ramirez-Rodriguez received a three-level reduction for acceptance of

2

responsibility. Id.  Thus, Ramirez-Rodriguez was accessed a total offense level of 34.

Regarding his criminal history, Ramirez-Rodriguez had no prior adult criminal convictions and was assessed zero criminal history points, resulting in a criminal history category of I. CR Dkt. No. 27, p. 12.  Based upon Ramirez-Rodriguez's offense level of 34 and criminal history category of I, the presentence report identified a guideline sentencing range of 151 to 188 months of imprisonment. Id., p. 15.  The maximum sentence of imprisonment for the offense to which Ramirez-Rodriguez pleaded guilty was 120 months; for that reason, 120 months became his Guideline imprisonment sentence. Id.

On January 17, 2012, the District Court sentenced Ramirez-Rodriguez to 120 months of imprisonment, three years of unsupervised release, and a $100 special assessment fee – the last of which was ordered remitted. CR Dkt. No. 36.  The judgment was entered on January 19, 2012. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Ramirez-Rodriguez's deadline for filing a notice of direct appeal passed on February 2, 2012. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 24, 2016, Ramirez-Rodriguez timely[2] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, Ramirez-Rodriguez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA"), because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

---

[2] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Ramirez-Rodriguez filed his petition within one-year from the date which Johnson was decided. Therefore, the petition is timely.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Ramirez-Rodriguez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Ramirez-Rodriguez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Ramirez-Rodriguez's claim.

## A. Waiver of Appellate Rights

Ramirez-Rodriguez waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States. This waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[3]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Ramirez-Rodriguez knowingly and voluntarily waived his appellate rights. Ramirez-Rodriguez's plea agreement expressly states that he was aware of his right to directly appeal his sentence pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 24. That same paragraph also indicates that Ramirez-Rodriguez agreed to waive those rights.

Ramirez-Rodriguez has not provided any evidence to indicate that he was unaware of or misunderstood any of the terms within the plea agreement; or evidence to indicate that he pled guilty involuntarily. Consequently, the record establishes, without a doubt, that Ramirez-Rodriguez's waiver was knowingly and voluntarily made.

Moreover, Ramirez-Rodriguez's waiver clearly applies to this case. Ramirez-Rodriguez is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

---

[3] While the Court has not required the United States to reply to Ramirez-Rodriguez's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007). Even if Ramirez-Rodriguez's had not waived his appellate rights, the practical result would be no different, as his claims are substantively meritless.

Even if Ramirez-Rodriguez had not waived his right to collaterally attack his conviction and sentence, his petition is meritless and should be denied.

### B. Johnson is Inapplicable

Ramirez-Rodriguez asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). For the reasons discussed below, Johnson does not apply to Ramirez-Rodriguez's case, because he was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA. The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The underlined portion of § 924(e)(2)(B) has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Ramirez-Rodriguez, none of it applies to his case. The ACCA applies only to defendants who have three prior felony convictions for a "serious drug offense" or a "violent felony" and are convicted of unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). The record reflects that Ramirez was convicted of a firearms offense, 22 U.S.C. § 922(g)(5)(a) – which prohibits illegal aliens from possessing firearms – but that he had no prior felony convictions. CR Dkt. No. 36.

6

Thus, both the ACCA and the holding in Johnson were inapplicable in the instant case.

Furthermore, the court did not enhance Ramirez-Rodriguez's sentence for any prior felony convictions, because he had no such convictions. CR Dkt. Nos. 27, 36. Therefore, regardless of its retroactive application, the holding in Johnson does not provide Ramirez-Rodriguez with a vehicle for relief.[4] In short, Johnson simply does not apply to Delgado's case.

### C. No Other Sentencing Error

Moreover, an examination of Ramirez-Rodriguez's sentence clearly shows that there was no error. His sentence was enhanced based upon facts that Ramirez-Rodriguez admitted during an interrogation by Immigration and Customs Enforcement. CR Dkt. No. 27, p. 9. Ramirez-Rodriguez has not challenged these enhancements or the facts underlying them. Accordingly, if Ramirez-Rodriguez's petition is not dismissed, it should be denied as meritless.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Ernesto Guadalupe Ramirez-Rodriguez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED** as waived. Alternatively, the motion should be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. §

---

[4] Furthermore, Ramirez-Rodriguez's sentence was not enhanced for any prior "crime of violence" convictions. CR Dkt. No. 63. Thus, he has no basis to argue that the holding in Johnson would invalidate any "crime of violence" enhancement in his case. The Court notes that the Supreme Court has granted a writ of certiorari to determine if the definition of a crime of violence found at 18 U.S.C. § 16(b) is unconstitutionally vague. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague) and U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc) (holding that 16(b) is not unconstitutionally vague).

2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Ramirez-Rodriguez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Ramirez-Rodriguez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on December 12, 2016.

                                            _____
                                            Ronald G. Morgan
                                            United States Magistrate Judge